Filed 7/6/21 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GERMAN SANCHEZ,<br><br>    Defendant and Appellant. | H047350<br>(Santa Clara County<br>Super. Ct. No. C1898343)<br><br><br>**ORDER MODIFYING OPINION**<br><br>**NO CHANGE IN JUDGMENT** |

The court orders that the opinion filed June 30, 2021, be modified as follows:

On page 6, the last sentence of the disposition is replaced with, "In all other respects, we affirm the judgment."

The modification results from an inadvertent error in the originally drafted disposition; there is no change in the judgment.


Dated: _____          _____

                                                              Greenwood, P.J.

Filed 6/30/21 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GERMAN SANCHEZ,<br><br>    Defendant and Appellant. | H047350<br>(Santa Clara County<br>Super. Ct. No. C1898343) |

A jury found defendant German Sanchez guilty on two counts: possession of a controlled substance while armed with a loaded firearm, and carrying a loaded firearm in a vehicle. The trial court granted a three-year term of probation including four months in county jail.

The police stopped Sanchez while he was driving a pickup truck with methamphetamine in the cab of the truck. In the open bed of the truck, police found a loaded .22-caliber rifle inside a bag that was partially covered by a board. Sanchez contends the evidence was insufficient to support the conviction for possession of a controlled substance while armed with a loaded firearm. He argues the evidence failed to prove the firearm was "available for immediate offensive or defensive use" as required under Health and Safety Code section 11370.1, subdivision (a).

Based on the plain meaning of the term "immediate," we hold the evidence was insufficient to support a finding that the firearm was available for immediate use because Sanchez could not have used it without exiting the cab of the truck, retrieving the bag from under the board in the truck bed, and taking the gun out of the bag. These actions

would have required too much delay for the gun to be "available for immediate offensive or defensive use" as defined by the statute. We will reverse the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural Background

The prosecution charged Sanchez with three counts: Count 1—possession of a short-barreled rifle or short-barreled shotgun (Pen. Code, § 33210); count 2—possession of a controlled substance while armed with a loaded firearm (Health & Saf., § 11370.1, subd. (a)); and count 3—carrying a loaded firearm in a vehicle (Pen. Code, § 25850, subd. (a)).

The case proceeded to trial in May 2019. The jury found Sanchez not guilty on count 1, but guilty on counts 2 and 3. The trial court granted a three-year term of probation to include four months in county jail.

### B. Facts of the Offense

The police stopped Sanchez while he was driving a truck with an obscured license plate and nonfunctioning brake lights. Officers found 0.55 grams of methamphetamine in the cab of the truck.

In the open bed of the truck, the police saw a piece of cardboard or wooden board partially covering a plastic bag. The bag contained a .22-caliber Winchester rifle. The officer who found the rifle testified that he could easily reach into the bed and grab the bag while standing next to the truck. He testified that he was five feet and nine inches tall, and he estimated that Sanchez was about five feet and six or seven inches tall. There was a round of ammunition in the rifle, and although the gun was rusted, a criminalist determined it was operational and could be fired.

## II. DISCUSSION

Sanchez contends the evidence was insufficient to support his conviction for possession of a controlled substance while armed with a firearm. He argues the evidence

did not show the firearm was available for immediate defensive or offensive use. The Attorney General contends the evidence was sufficient to support the conviction.

## A. Legal Principles

Health and Safety Code section 11370.1 prohibits the possession of certain controlled substances "while armed with a loaded, operable firearm." (Health & Saf., § 11370.1, subd. (a).) "[A]rmed with" means "having available for immediate offensive or defensive use." (*Ibid.*)

"To assess the evidence's sufficiency, we review the whole record to determine whether any rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357, citing *People v. Maury* (2003) 30 Cal.4th 342, 403 (*Maury*).) The record must disclose substantial evidence to support the verdict such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*Ibid.*) The substantial evidence must be reasonable, credible, and of solid value. (*Ibid.*) We review the evidence "in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence." (*Ibid.*) "A reversal for insufficient evidence 'is unwarranted unless it appears that upon no hypothesis whatever is there sufficient substantial evidence to support' the jury's verdict." (*Ibid.*) The standard is the same under both the California Constitution and the federal Constitution. (*People v. Jimenez* (2019) 35 Cal.App.5th 373, 392.)

"Issues of statutory interpretation are questions of law subject to de novo review. [Citation.] 'Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal

interpretation would result in absurd consequences the Legislature did not intend.' " (*People v. Simmons* (2012) 210 Cal.App.4th 778, 790.)

### B. The Evidence Was Insufficient to Support the Conviction

Sanchez contends the evidence was insufficient to show the rifle was available for immediate offensive or defensive use. He points out that the rifle was inside a bag partially covered by a board in the bed of the truck, such that he would have to get out of the truck, walk to the bed, reach into the bed, lift the board, and take the rifle out of the bag before using the gun.

Sanchez argues that the plain meaning of the word "immediate" requires that there be no delay or intervening lapse of time before the gun can be used. He relies on common dictionary definitions of that word. (See *Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1121-1122 [to ascertain the ordinary, usual meaning of a word, courts appropriately refer to the dictionary definition].) For example, Black's Law Dictionary defines "immediate" in relevant part, "1. Occurring without delay; instant [];  2. Not separated by other persons or things []." (Black's Law Dict. (Abridged 11th ed. 2009) p. 897, col. 2.) The online Oxford English Dictionary defines "immediate" in relevant part, "1. Said of a person or thing in its relation to another:  That has no intermediary or intervening member, medium, or agent; that is in actual contact or direct personal relation.  [] 3a. Having no person, thing, or space intervening, in place, order, or succession; standing or coming nearest or next; proximate, nearest, next; close, near.  In reference to place often used loosely of a distance which is treated as of no account." (Oxford English Dict., <https://www.oed.com/view/Entry/91838> [as of June 29, 2021], archived at <https://perma.cc/Y5GM-263R>.) Sanchez contends the rifle was therefore not available for "immediate" use because the actions required for him to use the gun—getting out of the truck, going to the bed, lifting the board, and taking the rifle out of the bag—would entail some delay or lapse of time.

4

The Attorney General contends the gun was available for immediate use because Sanchez merely had to step out of the truck and reach over the side of the bed to access the rifle, which was loaded and operable. But even if those facts could satisfy the immediacy requirement, the gun in this case was also inside a bag that was partially covered by a board.

The Attorney General relies on *People v. Searle* (1989) 213 Cal.App.3d 1091. In *Searle*, the trial court at sentencing found as an aggravating factor that Searle was armed when he sold cocaine from his car because he had a pistol stored in an unlocked compartment in the back of the car. (*Id.* at pp. 1095-1099.) But *Searle* predated the enactment of the statutory definition at issue here, and the gun in that case was more readily available to the defendant than the gun in this case because it was located within the interior of the car and did not require him to step out of the car to access it.

The Attorney General also relies on *People v. Bland* (1995) 10 Cal.4th 991 (*Bland*). In *Bland*, the California Supreme Court considered the meaning of the phrase "armed with a firearm in the commission" of a felony—the arming enhancement defined in Penal Code section 12022, subdivision (a). While the police were holding Bland in a police car, they searched his house and found cocaine in his bedroom, along with a cache of unloaded firearms under his bed in the same room. (*Id.* at p. 995.) A jury convicted him of possession of cocaine base for sale, and the jury found the arming enhancement true. The Supreme Court held that the evidence supported the arming enhancement in the context of a possessory offense because the firearm was found "in close proximity to the illegal drugs in a place frequented by the defendant." (*Ibid.*) The court reasoned that based on the proximity of these items, a jury could reasonably infer the defendant "had the firearm close at hand and thus available for immediate use to aid in the drug offense." (*Ibid.*) We are not convinced this case supports the Attorney General's position. First, *Bland* concerned the interpretation of a different statute—Penal Code section 12022— whereas Health and Safety Code section 11370.1 expressly requires that the firearm be

5

available for immediate use.  Second, in *Bland*, the guns were more proximate and available to the defendant than the gun in this case.[1]

Based on the plain meaning of the term "immediate," we conclude the gun was not available for immediate offensive or defensive use as defined in Health and Safety Code section 11370.1.  To use the gun, Sanchez would have had to get out of the cab to go to the truck bed, reach into the bed to retrieve the bag from under the board, and take the gun out of the bag before he could operate the gun.  This would involve some lapse in time, and the physical objects and distance between Sanchez and the gun made it less available to him.  Under the plain meaning of the term "immediate," these facts do not satisfy the immediacy requirement expressly set forth in the statute.  Accordingly, we will reverse the judgment.

### III.    DISPOSITION

We reverse the conviction on count 2 and remand to the trial court for resentencing.  In all other respects, we reverse the judgment.

---

[1] The Attorney General does not argue that the gun was available for immediate use at some point while it was outside of the truck bed, and the prosecutor did not argue it below.

6

_____
Greenwood, P.J.

WE CONCUR:


_____
Grover, J.


_____
Danner, J.


People v. Sanchez
No. H047350

Trial Court:                              Santa Clara County Superior Court
                                          Superior Court No.: C1898343

Trial Judges:                             The Honorable Thang Nguyen Barrett
                                          The Honorable Sharon A. Chatman
                                          The Honorable Edward Frederick Lee

Attorney for Defendant and Appellant        Teresa Marie Biagini
German Sanchez:                             under appointment by the Court
                                            of Appeal for Appellant




Attorneys for Plaintiff and Respondent      Rob Bonta,
The People:                                 Attorney General of California

                                            Lance E. Winters,
                                            Chief Assistant Attorney General

                                            Michael P. Farrell,
                                            Senior Assistant Attorney General

                                            Eric L. Christoffersen,
                                            Supervising Deputy Attorney
                                            General

                                            Robert Collins Nash
                                            Deputy Attorney General




People v. Sanchez
H047350